IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shielah Gley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| Midwest Respiratory, Ltd., ) | |
| Dr. Mazan Haddi, individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Shielah Gley ("Gley") and for her Complaint against Midwest Respiratory, Ltd. ("Midwest") and Dr. Mazan Haddi, individually, states as follows:

### Nature of the Action

1. Ms. Gley was hired by Midwest in 2014 as a Certified Nursing Assistant. Beginning in 2017, Ms. Gley was subjected to severe and pervasive sexual harassment by Dr. Haddi. When Ms. Gley reported the incidents of sexual harassment to Midwest, she was terminated for having made the complaints. Plaintiff brings this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), in that she was sexually harassed and retaliated against for reporting the harassment.

### Parties

2. Plaintiff is a citizen of Illinois and was employed by Midwest in Illinois.

3. Defendant Midwest Respiratory, Ltd. is an Illinois corporation. Defendant operates several offices within this judicial district including offices in New Lenox and Joliet, Illinois where Plaintiff worked.

4. Defendant Mazan Haddi is a shareholder and employee of Midwest and was Plaintiff's supervisor.

## Jurisdiction and Venue

5. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §1343(A)(3), 42 U.S.C. §2000e-5(f), and 42 U.S.C. §12117.

6. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

7. Plaintiff started worked for Midwest in approximately 2014.

8. Plaintiff worked as a Certified Nursing Assistant during her tenure with Midwest.

9. Plaintiff was subjected to sexually harassing behavior while working for Midwest. Plaintiff was harassed by Dr. Haddi who, among other things, sent texts to himself from Plaintiff's phone, touched her breasts and pulled her shirt down to look down her shirt.

10. After observing Dr. Haddi look down Plaintiff's shirt, a co-worker reported the behavior of the physician/owner.

11. After an "investigation," Plaintiff was terminated for making false complaints about sexual harassment. Plaintiff's termination was directly related to the

## Count I
## Sexual Harassment
### (Against Midwest)

12. Plaintiff incorporates by reference paragraphs 1 through 9 as if fully set forth herein.

13. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, employees shall not be discriminated against or harassed on the basis of their gender.

14. Plaintiff has complied with all prerequisite conditions to filing this Complaint including by filing their claims with the Equal Employment Opportunity Commission and filing this Complaint within 90 days of receiving a Notice of Right to Sue from the EEOC.

15. Plaintiff was discriminated against and harassed on the basis of her gender in that she was subjected to a hostile working environment by having her personal photos sent via text message to Dr. Haddi and she was touched in a sexual manner which was not consensual.

16. Plaintiff was damaged by Defendant's conduct including by suffering lost wages, compensatory damages, attorneys' fees and costs. Plaintiffs also seek interest and punitive damages and any other relief available under the law.

## Count II
## Retaliation in Violation of Title VII
### (Against Midwest)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., employees shall not be retaliated against for reporting violations of Title VII.

19. Plaintiff has complied with all prerequisite conditions to filing this Complaint including by filing her claims with the Equal Employment Opportunity Commission and filing this Complaint within 90 days of receiving a Notice of Right to Sue from the EEOC.

20. Plaintiff was retaliated against for reporting violations of Title VII when she was treated differently and was terminated for reporting and opposing sexual harassment.

21. Plaintiff was damaged by Defendant's conduct including by suffering lost wages, compensatory damages, attorneys' fees and costs. Plaintiff also seeks interest and punitive damages and any other relief available under the law.

## Count III
## Violation of the Gender Violence Act
### (Against All Defendants)

22. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23. The Gender Violence Act, 740 ILCS 82/1, *et seq.*, prohibits gender-related violence or the assistance of another in gender-related violence.

24. Between 2017 and her termination, Plaintiff was subjected to sexual batteries by Dr. Haddi in that Dr. Haddi subjected Plaintiff to unwanted touching by placing his hands down her shirt and pulling her shirt out to look at her breasts.

25. These touchings were unwelcome and extremely offensive.

26. At no time did Plaintiff consent to Dr. Haddi's sexual contact.

27. At all times, Dr. Haddi's conduct was unwanted by Plaintiff, and she expressed her refusal of his unlawful contact on repeated occasions by telling him to stop and moving away from the contact.

28. Dr. Haddi's contact was unwanted and occurred without provocation.

29. On each instance in which Dr. Haddi sexually battered Plaintiff, he acted with the intent to cause a harmful or offensive contact.

30. As a direct and proximate result of Dr. Haddi's repeated sexual batteries, Plaintiff suffered actual damages, including lost employment opportunities, the loss of enjoyment of life and emotional distress.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: March 12, 2019                              Respectfully Submitted,

                                                                         By: /s/ DRAFT FOR REVIEW
                                                                         One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563